UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | | |
|---|---|---|
| CHARLES PLINTON, FATHER AND ADMINISTRATOR OF THE ESTATE OF CHARLES THEODORE PLINTON, DECEASED, | : : : : : | CASE NO. 5:06-cv-1872 JUDGE JAMES S. GWIN OPINION AND ORDER [Resolving Doc. 32] |
| Plaintiff, | : : | |
| vs. | : : | |
| COUNTY OF SUMMIT, et al., | : : | |
| Defendants. | : : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On August 4, 2006, Plaintiff Charles Plinton filed a Complaint (Doc. 1) alleging three causes of action, brought under 42 U.S.C. § 1983, against Defendant University of Akron ("University"): (1) violation of the Fourteenth Amendment for denial of deceased Charles Theodore Plinton's procedural due process rights; (2) violation of the Fourteenth Amendment for denial of deceased Plinton's substantive due process rights; and (3) intentional infliction of emotional distress. With regard to each of these causes of action, Plaintiff sought only injunctive relief against Defendant University, to prevent Defendant University from engaging in such actions in the future.

On November 17, 2006, Defendant University filed a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). [Doc. 32.] With that motion, the Defendant University argues that Plaintiff has no standing to raise claims for injunctive relief against University. On December 28, 2006, Plaintiff filed an Opposition to the Motion for Judgment on the Pleadings. [Doc. 41.] On

-1-

Case No. 5:06-cv-1872
Gwin, J.

January 4, 2007, Defendant University filed a Reply to Response to Motion for Judgment on the Pleadings. [Doc. 44.] For the following reasons, the Court hereby **GRANTS** Defendant University's Motion for Judgment on the Pleadings.

The court views a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) in the same manner as a motion under Fed. R. Civ. P. 12(b)(6). *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). Thus, the non-moving party's claim is construed in the light most favorable to it. *Id*. The court inquires whether the non-moving party "undoubtedly can prove no set of facts in support of the claims that would entitle [it to] relief." *Id*. In making its judgment on the pleadings, the court need not accept as true any legal conclusions or unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (citations omitted).

In addition, the Supreme Court described the standing requirements for plaintiffs seeking injunctive relief in *L.A. v. Lyons*, 461 U.S. 95, 101-02 (1983).

> Plaintiffs must demonstrate a 'personal stake in the outcome' in order to 'assure that concrete adverseness which sharpens the presentation of issues' necessary for the proper resolution of constitutional questions. Abstract injury is not enough. The plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'

*Id.* (citations omitted). Likewise, "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974). "Past wrongs were [merely] evidence bearing on 'whether there is a real and immediate threat of repeated injury.'" *Lyons*, 461 U.S. at 102 (citing *O'Shea*, 414 U.S. at 496).

In the instant case, Plaintiff has not demonstrated a "credible threat" that he is immediately

Case No. 5:06-cv-1872
Gwin, J.

in danger of sustaining injury as a result of University's challenged conduct. *See Kolender v. Lawson*, 461 U.S. 352, 357 (1983). Plaintiff has no personal stake in the outcome because he is not a student subject to future disciplinary proceedings at the University of Akron. Plaintiff is not an Ohio resident. In fact, Plaintiff has never suggested that he will have any further contact whatsoever with University upon resolution of this case.

In addition, the case law cited by Plaintiff fails to support the argument that standing has been found in circumstances akin to the present case. In *Williams v. Wilkinson*, 132 F. Supp. 2d 601 (S.D. Ohio 2001), an inmate plaintiff sought injunctive relief to enjoin a prison's policy of denying prisoners the right to call witnesses at infraction board hearings who were deemed not credible. The *Williams* court found the inmate had established a credible threat of future injury arising from the challenged conduct because: (1) the only triggering event required for imposition of future injury was a mere allegation by a corrections officer that the inmate plaintiff had violated a prison rule; (2) the plaintiff inmate had been charged with additional rule infractions subsequent to his initial appearance before the rules infraction board; and (3) prison policy dictated enforcement of the challenged procedure.

Similarly, the court in *Mack v. Suffolk County*, 191 F.R.D. 16 (D. Mass. 2000), found a class of women subjected to strip-searches and visual body cavity inspections during pre-arraignment detention at the Suffolk County jail had standing to challenge the jail's policy. The *Mack* court found the women were particularly vulnerable to repeated injury and had sufficiently demonstrated that there was a reasonable likelihood they would be arrested and strip-searched again. Likewise, the *Kolender* court found that a plaintiff who had been detained or arrested for loitering approximately fifteen times over a two-year period had established a credible threat of future injury

-3-

Case No. 5:06-cv-1872
Gwin, J.

given the significant potential of a sixteenth arrest pursuant to the challenged statute. 461 U.S. at 357.

Finally, the court in *Owens v. Nacogdoches County Hosp. Dist.*, 741 F. Supp. 1269 (E.D. Tex. 1990), found an indigent woman who had been turned away by defendant hospital while in labor had standing to seek injunctive relief enjoining the hospital's long-standing pattern of "dumping" indigent women who were about to give birth. Although the plaintiff had already completed her pregnancy, a credible threat of future injury existed because she could become pregnant again and seek medical care from the defendant hospital. Indeed, the Court specifically tailored its injunctive relief to the plaintiff, ordering "that defendants . . . are hereby, [permanently enjoined] from refusing plaintiff Rebecca Owens delivery in any future pregnancy in violation of 42 U.S.C. § 1395dd, for so long as she remains indigent." *Id*. at 1281.

In the instant case, Plaintiff Plinton has not established a similar credible threat of future injury. In *Lyons*, the Court found that the intricate chain of events necessary for the plaintiff to be subjected to the challenged police chokehold following a traffic violation was too attenuated to create a real and immediate threat of future harm. Arguably, Plaintiff Plinton's threat of future harm is even more speculative than Lyons' as Plaintiff Plinton's likelihood of enrolling at the University of Akron and participating in a disciplinary hearing is even more unlikely than Lyons being stopped for another traffic violation and becoming involved in a dispute with a police officer.

Rather, the circumstances in the instant case most resemble *Strandell v. Jackson County*, 634 F. Supp. 824 (S.D. Ill. 1986). In *Strandell*, decedent inmate's parents as plaintiffs sought injunctive relief enjoining Jackson County "from 1) placing suicidal and emotionally disturbed detainees in jail cells that contain anchoring devices for committing suicide; and 2) utilizing an understaffed,

-4-

Case No. 5:06-cv-1872
Gwin, J.

overpopulated and antiquated jail facility." *Id.* at 835.  The *Strandell* court held

> Plaintiffs in the present case are not pretrial detainees in the Jackson County Jail nor are there any facts alleged indicating that they will become detainees.  Therefore, they are not likely to suffer future injury from the conduct that they seek to enjoin. Accordingly, the Court concludes that plaintiffs lack the requisite standing to seek injunctive relief.

*Id.*  Likewise, the court in *Ashcroft v. Mattis*, 431 U.S. 171, 172-73 (1977) held that the parents of an individual killed while attempting to escape arrest lacked standing to challenge the constitutionality of statutes authorizing deadly force when apprehending a person who has committed a felony.  Specifically, the *Mattis* court rejected the parents' argument that a credible threat of future harm existed because they have another son who might flee if suspected of a felony, who would therefore be in danger of being killed by the defendants.  The *Mattis* court ruled that "Such speculation is insufficient to establish the existence of a present, live controversy."  *Id.*

Plaintiff Plinton contends, "At issue here is an iron clad policy that subjected decedent to an unconstitutional hearing procedure that could be triggered against any student at any time upon the mere allegations of a corrections officer."  Plaintiff's argument supports the notion that a student at the University of Akron who is currently the subject of a disciplinary proceeding would have standing to challenge University's official policies.  Arguably, a student who had been the subject of University's disciplinary proceedings in the past, remained a student at the University of Akron, and could demonstrate a likelihood that they would be subject to future disciplinary proceedings at the University of Akron, might also have standing to challenge University's official policies. However, Plaintiff, as father and administrator of a deceased, former University of Akron student, fails to exhibit any threat that he is immediately in danger of sustaining injury as a result of University's challenged conduct.

Case No. 5:06-cv-1872
Gwin, J.

The *Williams* court held that the "Court must determine, in this case, where the facts rest on the continuum between being a purely speculative threat to being a 'credible threat.'" 132 F. Supp. 2d at 605.  The circumstances of the present case do not approach a credible threat of future injury to Plaintiff Plinton resulting from the challenged conduct.  As such, Plaintiff lacks standing to seek injunctive relief against Defendant University in this matter.  For the aforementioned reasons, the Court hereby **GRANTS** Defendant University's Motion for Judgment on the Pleadings.

IT IS SO ORDERED.


Dated: February 14, 2007            s/     *James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE